IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MR. MEAT & GOODS CORP.**<br>6795 Three Fountains Way<br>Canal Winchester, Ohio 43110,<br><br>   *Plaintiff*,<br><br>  v.<br><br>**PSSI STADIUM LLC**<br>3400 South Water Street<br>Pittsburgh, Pennsylvania 15203,<br><br>   *Defendant*.<br><br>  *Also serve at:*<br><br>BUCHANAN INGERSOLL ROONEY<br>c/o BRIAN H. SIMMONS<br>Union Trust Building<br>501 Grant Street, Suite 200<br>Pittsburg, Pennsylvania 15219 | Case No. 2:23-cv-32<br><br>Judge<br><br>JURY DEMAND<br>ENDORSED HEREON |

## COMPLAINT

This action arises out of Defendant's breach of a certain Agreement for Sponsorship and Promotion (the "Agreement") that was entered into between the parties for the 2021, 2022, and 2023 Heinz Field Kickoff & Rib Festival (the "Festival"). The Agreement stipulated that Plaintiff was to be the exclusive meat provider for the event such that all prospective vendors were to purchase rib and other meat from Plaintiff and would not be permitted to obtain meat from other sources. Plaintiff paid Defendant substantial monies for this business opportunity. Defendant breached the Agreement by freely permitting vendors to purchase meat from other sources.

## THE PARTIES

1. Plaintiff, Mr. Meat & Goods Corporation ("Mr. Meat"), is an Ohio corporation located in Canal Winchester, Ohio having a statutory agent address of 6795 Three Fountains Way, Canal Winchester, Ohio 43110.  Mr. Meat is a successful secondary market provider of meat and related products to vendors frequently participating in rib and barbeque festivals throughout the Midwest.  Mr. Meat is wholly owned by Bradley Kean, an individual residing in Canal Winchester, Ohio.

2. Defendant, PSSI Stadium LLC ("PSSI"), is a Pennsylvania limited liability company with a principal place of business located at 900 Art Rooney Avenue, Pittsburg, Pennsylvania 15212 and having a statutory agent address of 3400 South Water Street, Pittsburgh, Pennsylvania 15203.  On information and belief, PSSI and all its subsidiaries, if any, are wholly citizens of Pennsylvania.  PSSI is the tenant and operator of the football stadium located in the North Shore area of Pittsburgh, Pennsylvania known as Heinz Field.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. §1332(a)(1) (diversity jurisdiction) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper in the Western District of Pennsylvania, pursuant to certain forum selection language contained in Section 10 of the Agreement, which states that "[a]ny dispute related to or arising out of this Agreement will be brought solely in a federal or state court located in Allegheny County, Pennsylvania.  Sponsor and PSSI agree to the jurisdiction of such courts and hereby consent to the personal jurisdiction of such courts."

## BACKGROUND INFORMATION AND FACTS

5.      The parties entered into the Agreement on or about June 4, 2021, and was to cover a period of three years, including 2021, 2022, and 2023.  The Agreement related to the annual Heinz Field Kickoff & Rib Festival during the month of September.  A copy of the Agreement is attached here as **Exhibit A**.  The Agreement stipulated that Plaintiff was to be the exclusive meat provider for the Festival such that all prospective vendors were to purchase rib and other meat only from Plaintiff and would not be permitted to obtain meat from other sources.

6.      The Agreement contemplated a three-party relationship and supply chain between and among Mr. Meat, PSSI, and various vendors who would provide rib-related finished meals to the general public at the Festival (the "Vendors").  Each party's obligations were as follows:

   a. Mr. Meat was responsible for the purchase of meat products from meat producers in quantities sufficient to meet the demand of the Vendors at the Festival.  To meet the anticipated demand, Mr. Meat was required to pre-order meat from its meat producers and keep this product in cold storage until the Festival.  These meat pre-orders were made months before the Festival, and the meat was subsequently delivered to the Festival and made available to the Vendors.

   b. PSSI was responsible for entering into agreements with the Vendors and requiring them to only purchase meat and related products from Mr. Meat, pursuant to Exhibit A, Section (a) of the Agreement (**Exhibit A**).  Enforcement of this requirement was unambiguously on PSSI, as Mr. Meat has no direct agreement with the Vendors.  A copy of these vendor agreements ("Vendor Agreement") is attached here as **Exhibit B**.  PSSI made these promises both through the Agreement and through direct conversations with agents and representatives of PSSI and Mr. Meat.

   c. Vendors were responsible for purchasing all their meat and related products from Mr. Meat.  Pursuant to Section 21 of the Vendor Agreement, each prospective vendor agreed that "[t]he official meat provider for the Miller Lite Kickoff and Music Festival is BLK Ventures LLC.  The contact person to purchase your product from is Bradley Kean.  His phone number is (614) 206-7144 and email is keanbradley@yahoo.com."  (BLK Ventures LLC assigned its interest in the Agreement to Mr. Meat).

7. Mr. Meat paid or otherwise agreed to pay PSI substantial monies for this business opportunity, insofar as the Agreement stipulated a total of $52,000.00 in payments from Mr. Meat to PSSI.  **Exhibit A**, Agreement, Section 3(A) – (D).

8. If PSSI were to allow vendors to obtain rib and other meat products from sources other than Mr. Meat, such conduct would defeat the purpose of the Agreement and would deprive Mr. Meat of the benefit of the bargain.

9. PSSI breached the Agreement by freely permitting numerous vendors to purchase meat from other sources or otherwise bring their own meat to the Festival, entirely bypassing Mr. Meat from the agreed-upon supply chain.

10. Pursuant to the Agreement, Mr. Meat pre-ordered meat and related products from its meat producer and had it available for the 2021 and 2022 September Festival.  Because PSSI freely permitted vendors to purchase meat from other sources or otherwise bring their own meat to the Festival, such vendors did not purchase meat and related products from Mr. Meat, leaving Mr. Meat with a substantial surplus of unsold meat.  Mr. Meat was nonetheless still required to purchase this unsold meat from its meat producer, leading Mr. Meat to incur substantial damages in an amount exceeding $75,000.00, exclusive of interest and costs.

**COUNT ONE:  BREACH OF CONTRACT**
**(Violation of Benefit of Exclusive Meat Provider Provision)**

11. Mr. Meat repeats and realleges the allegations set forth above as if fully restated herein.

12. Mr. Meat and PSSI entered into the Agreement on or about June 4, 2021, and was to cover a period of three years, including 2021, 2022, and 2023, and related to the annual Heinz Field Kickoff & Rib Festival during the month of September.  The Agreement stipulated that Plaintiff was to be the exclusive meat provider for the Festival such that all prospective vendors

were to purchase rib and other meat only from Plaintiff and would not be permitted to obtain meat from other sources.

13. Mr. Meat provided meat and related products to the Vendors for the 2021 and 2022 Festival pursuant to the Agreement.

14. PSSI's conduct, by freely permitting numerous vendors to purchase meat from other sources or otherwise bring their own meat to the Festival, entirely bypassing Plaintiff from the agreed-upon supply chain, is in direct violation of the Agreement and amounts to a breach of the Agreement.

15. As a result of PSSI's breach of the Agreement, Mr. Meat has been damaged in an amount to be determined at trial, but in excess of $75,000.00, exclusive of interest and costs.

**COUNT TWO:  PROMISSORY ESTOPPEL**

16. Mr. Meat repeats and realleges the allegations set forth above as if fully restated herein.

17. Pursuant to the Agreement and representations made by agents and representatives of PSSI, PSSI made a clear and unambiguous promise that it would be responsible for entering into and enforcing agreements with the Vendors requiring them to only purchase meat and related products from Mr. Meat.

18. Mr. Meat acted in good faith and justifiably relied on PSSI's promises (both through the Agreement and in discussions with agents and representatives of PSSI) regarding the enforcement of the Vendors' requirement to purchase meat and related products from Mr. Meat. Mr. Meat also justifiably relied on PSSI's promises regarding the locating, ordering, purchasing, storing, delivering, and being prepared to provide to the Vendors the substantial amount of meat that was needed for the Festival.

19. Mr. Meat's reliance on PSSI's promises was both reasonable and foreseeable.

20. As a result of PSSI's actions of reneging on its promises, Mr. Meat has been damaged in an amount to be determined at trial, but in excess of $75,000.00, exclusive of interest and costs.

## COUNT THREE: BREACH OF CONTRACT
### (Disclosure of Confidential Information)

21. Mr. Meat repeats and realleges the allegations set forth above as if fully restated herein.

22. Pursuant to Section 13 of the Agreement, PSSI acknowledged that the terms and conditions in the Agreement were "strictly confidential and shall not be divulged or disclosed to any third party during the Performance Period . . ." **Exhibit A**, Agreement, Section 13.

23. On information and belief, PSSI engaged with third parties and disclosed to such third parties confidential information in the Agreement.

24. As a result of PSSI's breach of the Agreement, Mr. Meat has been damaged in an amount to be determined at trial, but in excess of $75,000.00, exclusive of interest and costs.

**WHEREFORE**, Plaintiff under all counts of the Complaint requests the Entry of Judgment for the following relief:

A. Award Plaintiff compensatory and punitive damages in an amount in excess of $75,000, exclusive of interest and costs;

B. Award Plaintiff its attorneys' fees and costs to prosecute this action; and

C. Award such other and further relief as may be just and proper.

Respectfully submitted,

/s/ Istvan Gajary
GREGORY S. PETERSON (0061915)
ISTVAN GAJARY (0089084)
PETERSON CONNERS LLP
545 Metro Place South, Suite 435
Dublin, Ohio 43017

                                                                              (614) 365-7000
                                                                              (614) 220-0197 (Facsimile)
                                                                              gpeterson@petersonconners.com
                                                                              igajary@petersonconners.com

                                              *Attorneys for Plaintiff*


## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues triable under law.

                                                    /s/ Istvan Gajary
                                                    ISTVAN GAJARY